UNITED STATE BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>THE GETCHELL AGENCY,<br><br>Debtor. | Chapter 11<br>Case No. 16-10172 |
| NATHANIEL HULL, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE GETCHELL,<br><br>Defendant. | Adv. Proc. No. 18-01012 |

**ORDER DENYING MOTION TO RECONSIDER**
**ORDER AUTHORIZING WITHDRAWAL OF COUNSEL**

Defendant Wayne Getchell filed a motion on October 2, 2020 (Docket Entry ("D.E.") 41) seeking reconsideration of the Order Approving Withdrawal entered by this Court on July 8, 2020 (D.E. 33). Mr. Getchell alleges that he did not receive a fair opportunity to argue his objection after the Court Clerk's office informed him on July 13, 2020 that no hearings were scheduled to be heard in his case on July 14, 2020.

Motions for reconsideration are evaluated under the rubric of Fed. R. Civ. P. 60(b), as made applicable to this proceeding by Fed. R. Bankr. P. 9024. Although Mr. Getchell does not cite the specific statutory grounds on which the July 8, 2020 order should be vacated, the allegations set forth in his motion suggest that he is asserting excusable neglect or the general catchall of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). After reviewing Mr. Getchell's motion for reconsideration and the docket in this case, including the two motions

to withdraw filed by Mr. Getchell's former counsel, the Court concludes that Mr. Getchell has not established a sound basis for reconsideration under either subparagraph (1) or (6) of Fed. R. Civ. P. 60(b).

Mr. Getchell's former counsel, James Wholly, Esq., filed his first motion seeking authority to withdraw on May 18, 2020 (D.E. 21) ("First Withdrawal Motion"), premised on the assertion that his client had been nonresponsive for more than a month despite Mr. Wholly's several attempts to contact him.  The notice of hearing filed in connection with the First Withdrawal Motion established an objection deadline of June 1, 2020 and set a telephonic hearing on the motion for June 16, 2020 at 9:00 a.m.  Mr. Getchell timely objected on June 1, 2020, denying that Mr. Wholly had made any attempt to contact him and requesting that the Court deny the request for withdrawal.  Both Mr. Wholly and Mr. Getchell failed to appear telephonically for the June 16, 2020 hearing and the Court denied the First Withdrawal Motion for failure to prosecute, without prejudice.

Two days later, Mr. Wholly filed a second motion seeking authority to withdraw (D.E. 30) (the "Second Withdrawal Motion") explaining that he had failed to properly calendar the hearing on the First Withdrawal Motion.  He renewed his request for relief in this second, virtually identical motion.  The only substantive difference between the First Withdrawal Motion and the Second Withdrawal Motion was the length of time Mr. Wholly alleged to have been out of contact with his client; from more than one month in the first motion to more than two months in the second.  Mr. Wholly served the Second Withdrawal Motion on Mr. Getchell at the same address at which he served the First Withdrawal Motion.  The accompanying notice of hearing established an objection deadline of July 2, 2020 and set a telephonic hearing for July 14, 2020.  This time, Mr. Getchell did not file an objection.

  After the expiration of the objection deadline, the Court reviewed the Second Withdrawal Motion as well as Mr. Getchell's objection to the First Withdrawal Motion.  Although this objection related to a prior motion on which the Court had already ruled, the Court gave Mr. Getchell the benefit of weighing the arguments set forth in that objection against the allegations contained in the Second Withdrawal Motion.  The Court concluded that, regardless of who was at fault, the attorney-client relationship had deteriorated to such a degree as to negatively impact the forward progress of the adversary proceeding.  Moreover, the Court found that, although the case had been pending for more than a year and a half by that point, Mr. Getchell would not be unduly prejudiced by a substitution of counsel where the remaining pretrial deadlines had been continued generally pending resolution of the dispute over withdrawal.  Accordingly, the Court entered the order authorizing Mr. Wholly's withdrawal as counsel without the benefit of a hearing on July 8, 2020 in accordance with D. Me. LBR 9013-1(g)(1).  The Court then terminated the July 14, 2020 hearing

  When Mr. Getchell called the Court Clerk's office on July 13, 2020 to request instructions for participating in a telephonic hearing the next day, he was accurately informed that no hearing was scheduled to take place in this case on July 14, 2020.  The Court had already ruled on the Second Withdrawal Motion in the absence of a timely objection by Mr. Getchell.

  Mr. Getchell's motion is premised on the argument that his failure to attend the July 14, 2020 hearing is excusable but, as evidenced by the procedural history above, the Court entered the order granting the Second Withdrawal Motion and terminated the July 14, 2020 hearing before Mr. Getchell even contacted the Court Clerk's office.  Mr. Getchell does not argue that the July 14, 2020 hearing should not have been terminated; nor does he provide any explanation for his failure to appear telephonically at the June 16, 2020 hearing or timely file an objection to

3

the Second Withdrawal Motion. Regardless, whether any neglect shown by Mr. Getchell is excusable or not is immaterial since the Court made its determination on the Second Withdrawal Order after considering the arguments raised by Mr. Getchell in his timely filed objection to the First Withdrawal Motion.

Moreover, nothing argued by Mr. Getchell, or facially apparent on the record, establishes any other basis for relief under Fed. R. Civ. P. 60(b)(6). In fact, the record establishes that Mr. Wholly is not the only individual to experience difficulty reaching Mr. Getchell during the course of this proceeding. Mr. Getchell failed to appear for a status conference held on September 15, 2020 and in his Motion for Issuance of Show Cause Order (D.E. 9), Nathaniel Hull, the Plan Administrator, claims to have made numerous unsuccessful attempts to contact Mr. Getchell in his Motion for Issuance of Show Cause Order currently pending before this Court. Based on this information, the Court sees no basis for revisiting the order authorizing Mr. Wholly to withdraw.

For the foregoing reasons, Mr. Getchell's Motion for Reconsideration is hereby DENIED.

Dated:  October 8, 2020            /s/ Peter G. Cary
                                    Judge Peter G. Cary
                                    United States Bankruptcy Court